IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE CLARKE and TINA M. CLARKE, | : | Case No. 4:11-cv-02165 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| SABRE MANUFACTURING, LLC, JOMAR INVESTMENTS, INC. t/a NEW LIFE TRANSPORT PARTS CENTER, INC., and ADLER TANK RENTALS, LLC, | : | |
| | : | |
| Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| TEAM SERVICES, LLC, KIMBER TYSON, and ABILITIES EDUCATION TECHNOLOGIES, INC., | : | |
| | : | |
| Third-party Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| BERT KLAPEC, INC., | : | |
| | : | |
| Third-party Defendant. | : | |

**MEMORANDUM**

December 12, 2013

For the reasons that follow, the motion to dismiss of defendant Team

Services, LLC (ECF No. 47) is granted in part and denied in part; the motion to dismiss of Abilities Education Technologies, Inc. (ECF No. 60) is granted in part and denied in part; and the motion to dismiss of Bert Klapec, Inc. (ECF No. 73) is denied as moot.

## I.  General Background

On July 10, 2012, plaintiffs George and Tina Clarke filed a second amended complaint against defendants Sabre Manufacturing, LLC (hereinafter, "Sabre"), Adler Tank Rentals, LLC (hereinafter "Adler"), and Jomar Investments, Inc. t/a New Life Transport Parts Center, Inc. (hereinafter, "Jomar"). In short, the complaint alleges that George Clarke was grievously injured on July 9, 2011 when the hydraulic fracturing trailer that he was preparing for transport "suddenly and without warning began to move backwards towards [him] and pinned [him] between the trailer and a concrete wall." (2d Am. Compl., ECF No. 38 ¶ 19 (hereinafter, "2d Am. Compl.")). Sabre allegedly "designed, manufactured, marketed and/or sold" the trailer; Adler allegedly "sold and/or leased" it; and Jomar allegedly "designed, manufactured, marketed and/or sold" the trailer's braking system and axle and wheel assembly. (2d Am. Compl. ¶¶ 15-16).

George Clarke asserted three claims each against Sabre, Adler, and Jomar (negligence, strict products liability, and breach of warranty), all premised on the

notion that these defendants were responsible for the unreasonably dangerous, substandard, and defective design and manufacture of the trailer. Tina Clarke asserted one claim each against Sabre, Adler, and Jomar for loss of consortium.

On September 20, 2012, Sabre filed a third-party complaint against Team Services, LLC (hereinafter, "Team Services"), Kimber Tyson (hereinafter, "Tyson"), and Abilities Education Technologies, Inc. (hereinafter, "AET") (collectively, the "third-party defendants"). In short, the third-party complaint alleges that Team Services – the entity that "maintained management supervision and control" over the hydraulic fracturing site upon which George Clarke was injured, as well as the entity responsible for transporting the tank – was negligent in failing to establish conditions that would have ensured safe-handling of the tank that injured George Clarke. (Sabre Compl., ECF No. 44 ¶¶ 14-15, 25 (hereinafter, "Sabre Compl.")). Sabre further alleges that Kimber Tyson – an "independent contractor or owner/operator for [Clarke's employer] Tom Bowman Trucking" who "was in the process of attaching the [tank that injured Clarke] to his over-the-road tractor at the time of the incident" – was negligent in that he "[c]aus[ed] or contribut[ed] to the backward movement" of the tank that injured Clarke and otherwise failed to conduct himself in a manner that would have ensured Clarke's safety. (Sabre Compl. ¶¶ 16-17, 36). Sabre further alleges that AET – a

"professional safety consultant for [Clarke's employer] Tom Bowman Trucking" who was "responsible for providing . . . Clarke with guidance and training on . . . appropriate safety precautions" – was negligent in failing to establish appropriate safety protocols and training programs, and to otherwise put in place measures that would have ensured safe-handling of the tank that injured George Clarke. (Sabre Compl. ¶¶ 18-19, 47).

Sabre asserts that the negligence of Team Services, Tyson, and AET "combined with" Sabre's conduct, and "caused and/or contributed to" Clarke's injury, putting the third-party defendants in a "joint tortfeasor relationship" with Sabre. (Sabre Compl. ¶¶ 25, 29, 30, 36, 40, 41, 47, 52). Sabre further asserts that – to the extent that it is liable to the Clarkes – Team Services, Tyson, and AET are jointly liable, the upshot being that Sabre is entitled to indemnity and contribution from each of Team Services, Tyson, and AET.

On April 22, 2013, Team Services filed its own third party complaint against Bert Klapec, Inc. (hereinafter, "Klapec"), alleging that Klapec is liable to Team Services for indemnity and contribution (to the extent Team Services is liable to Sabre) because Klapec's employee was, pursuant to an agreement with Team Services, "in charge of the [hydraulic fracturing] trailer activities on the date of [Clarke's] accident." (Team Services Compl., ECF No. 72 ¶¶ 21, 27 (hereinafter,

4

"Team Services Compl.")).

On October 5, 2012, Team Services filed a motion to dismiss Sabre's third-party claims against it (ECF No. 47); likewise, AET filed a motion to dismiss Sabre's third-party claims against AET on November 27, 2012 (ECF No. 60). On May 22, 2013, Klapec filed a motion to dismiss count I (indemnity) of Team Services's third-party complaint against it.

## II.    Motion to Dismiss Standard (Fed. R. Civ. P. 12(b)(6))

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 662. The goal behind the standard is to weed out those claims that do not present "enough" factual matter, assumed to be true, "to raise a reasonable expectation that discovery will reveal evidence" in support of the claims. Twombly, 550 U.S. at 556. Where a "plaintiff[] [fails to] nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Id. at 570.

As a matter of procedure, the United States Court of Appeals for the Third

Circuit has instructed that,

> after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 556 U.S. at 678-79]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id. at 679].

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

## III.  Discussion

The Court hears this case as a consequence of its diversity jurisdiction; Pennsylvania law applies.

### a.  Sabre's Indemnification Claims

Sabre's claim to indemnification from Team Services and AET should be dismissed.

"The right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 370 (1951). "[S]econdary as distinguished from primary liability rests upon a

fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible." Builders Supply, 77 A.2d at 371.

Sabre's complaint utterly fails to set forth, or even imply, any relationship, rule of law, or other circumstance that would entitle it to indemnification from either Team Services or AET. Sabre all but admits as much, but argues that, at the pleading stage, it "must only sufficiently allege liability contingent upon the outcome of [the Clarkes's] claim" (Sabre Opp'n Br., Oct. 16, 2012, ECF No. 49 at 7), an obligation that Sabre, apparently, believes is fulfilled by making conclusory allegations of an entitlement to indemnity. But if that was ever the law (and it probably was not, see Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss")), it is not now after Twombly and Iqbal (see section II. supra). Accordingly, the Court will dismiss Sabre's claims to indemnification from Team Services and AET.

b. **Sabre's Contribution Claims**

Team Services's and AET's motions to dismiss Sabre's claims for

contribution should be denied.

"The right of contribution exists among joint tort-feasors." 42 Pa. C.S.A. § 8342. Unfortunately, a cloud of legal flatus sometimes fogs the analysis of whether defendants are joint-tortfeasors. Rather than tarry in the miasma, this Court agrees with the Honorable William W. Caldwell that it is preferable "simply to rely upon the following language from [Lasprogata v. Qualls, 263 Pa. Super. 174, 397 A.2d 803, 805 n.4 (1979)]: 'to be a joint tortfeasor, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury."'" Smith v. Kolcraft Prod., Inc., 107 F.R.D. 767, 769 (M.D. Pa. 1985) (Caldwell, J.) (the court in Lasprogata was quoting Blacks Law Dictionary 1661 (4th ed. 1968)).

Logic and law agree that "multiple substantial factors may cooperate to produce an injury," and under Pennsylvania law, "concurrent causation will give rise to joint liability." Harsh v. Petroll, 584 Pa. 606, 887 A.2d 209, 218 (2005).[1] The theory behind joint liability being that, "as between an injured, innocent plaintiff and defendants whose breach of some duty is proximately related to the injury, it is preferable to allocate the risk of a default in the payment of due

---

[1]See also Coyne v. Pittsburgh Ry. Co., 393 Pa. 326, 141 A.2d 830, 835-36 (1958).

compensation to the defendants," <u>Harsh</u>, 887 A.2d at 217. That the Clarkes themselves did not join Team Services and AET as defendants, and thus assumed the risk that Sabre, Adler, and Jomar will default, does not change the analysis of whether Sabre's pleadings plausibly allege concurrent causation and joint liability.

Here, Sabre's allegations make it plausible that negligent conduct of Team Services and AET, though independent of Sabre's conduct, nevertheless "unite[d]" with Sabre's conduct "in causing a single injury" to Clarke. Team Services and AET argue that Sabre's pleading "reflect[s] that it was <u>either</u> the Third-Party Defendant[s] or the Third-Party Plaintiff that should be liable, <u>but not both</u>" (Team Services Reply Br., Oct. 30, 2012, ECF No. 54 at 10 (emphasis in original)), but the basis for this assertion is a mystery when neither the negligence of the third-party defendants, nor the possibility of such negligence being a substantial factor causing Clarke's injury, are mutually exclusive of Sabre's conduct being a substantial factor causing the same injury.

In other words, either/or – as opposed to both/and – liability is simply not a necessary implication of the facts alleged in Sabre's complaint, which the Court is required to construe in the light most favorable to Sabre. Accordingly, the Court will deny Team Services's and AET's motions to dismiss Sabre's claims for contribution.

### c.     Team Services Indemnification Claim

On May 22, 2013, Klapec  moved to dismiss Team Services's claim for indemnification on the ground that it relied on an indemnification clause in a written agreement that was not yet in effect at the time of Clarke's accident. (Klapec Mot., ECF No. 73). On June 4, 2013, Team Services filed an amended third-party complaint, which based its right to indemnity on an oral contract allegedly in effect at the time of the accident. (ECF No. 75). Because the claim Klapec sought to have dismissed has been superseded, Klapec's motion to dismiss will be denied as moot.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss of defendant Team Services, LLC (ECF No. 47) is granted in part and denied in part; the motion to dismiss of Abilities Education Technologies, Inc. (ECF No. 60) is granted in part and denied in part; and the motion to dismiss of Bert Klapec, Inc. (ECF No. 73) is denied as moot.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge